UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WOODY NORA** | * | CIVIL ACTION NUMBER: 2:25-cv-01015 |
| | * | |
| | * | |
| **VERSUS** | * | JUDGE SUSIE MORGAN |
| | * | |
| | * | |
| **M & A TRANSPORT, ET AL.** | * | MAGISTRATE JUDGE MICHAEL NORTH |
| | * | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, WOODY NORA, who respectfully supports Plaintiff's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) AND/OR 28 U.S.C § 1631 as follows:

### I.   RELEVANT FACTUAL BACKGROUND

On April 21, 2023, Plaintiff, Woody Nora, was operating a tractor trailer westbound on I-76 in Wallace Township, Chester County, Pennsylvania, when Defendant Jonathan O'Brien suddenly veered from the left lane into the right lane to avoid stopped traffic. As a result, Mr. Nora's vehicle struck another vehicle and then collided with the rear of Mr. O'Brien's tractor trailer. Mr. Nora sustained severe injuries due to the collision, which was caused by Mr. O'Brien's negligent maneuver. Plaintiff filed suit on March 17, 2025, in the 40th Judicial District Court for the Parish of St. John the Baptist, Louisiana.

As a direct result of the accident at issue, Mr. Nora sustained extreme and devastating injuries that have permanently altered his physical condition and quality of life.[1] These injuries

---

[1] *Id.*

necessitate ongoing, intensive medical treatment, and specialized care. In filing suit in Louisiana, Mr. Nora considered the burdens associated with out-of-state travel and the fact that one of the defendants appeared to be domiciled in St. John the Baptist Parish.

However, Mr. Nora has since become aware that the Eastern District of Michigan is an appropriate forum for this suit. Despite the accident occurring in Pennsylvania, one of the remaining Defendants is domiciled in Michigan and Michigan is a closer venue for Mr. Nora than Pennsylvania.

## II.  LAW AND ARGUMENT

### A. Plaintiff is in Good Faith in Filing this Motion to Transfer.

In Defendants' opposition memorandum, M&A Transport, Inc., LLS Leasing, Linda Stivason, and Mike Stivason, (collectively "Defendants"), largely base their opposition to Plaintiff's *Motion to Transfer* on their objection to the authorities cited by Plaintiff. Defendants further argue that Michigan is not an appropriate forum and that if grounds for transfer is found, the case must be transferred to Pennsylvania. In reply, Plaintiff avers that Michigan is an appropriate forum to transfer this case to and that case law and statutory authority support a transfer to Michigan.

As explained in Plaintiff's Motion to Transfer, suit was filed in Louisiana based on a good faith belief, supported by publicly available records, that one or more Defendants had business operations or registered entities in Louisiana. The filing was not frivolous or abusive, but a genuine effort to preserve a timely claim under Pennsylvania's applicable substantive law. There was no intent to manipulate venue or gain improper advantage.

Under subsection (b) of 28 U.S. Code §1391, entitled "Venue in General,"

A civil action may be brought in—

2

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, at the time of filing, Mr. Nora had a good faith and reasonable belief in reliance on public records that he satisfied the requirements of §1391(b)(1) and (3). Thus, Mr. Nora's good faith reliance on public records should serve to permit the Court to transfer this suit to an appropriate forum rather than dismiss it.

Additionally, as set forth in the Relevant Factual Background herein, Mr. Nora's medical condition was a significant factor in his decision to file suit in Louisiana, his domicile. In good faith, Plaintiff took into consideration the substantial challenges posed by traveling out of state, including risks, medical costs and burden associated with such travel. Plaintiff was not engaging in forum shopping, but rather asserting his claim in good faith based on the information available to him at the time of filing, including his medical condition.

After removal and further procedural clarification, Plaintiff promptly reassessed the propriety of venue and expediently filed his Motion to Transfer under § 1406(a) to the Eastern District of Michigan. Plaintiff's actions and conduct reflects diligence, procedural integrity and respect for the Court's jurisdiction -- not forum shopping, as alleged by Defendants in their opposition to this transfer motion and their Motions to Dismiss. Thus, the Court must now determine whether Plaintiff's motion and request to transfer the case to Michigan should be granted.

### B. Michigan is an Appropriate Forum.

In Defendants' opposition memorandum, Defendants argue that this suit should not be transferred to Michigan. Defendants' position is based upon its assertion that Mr. Nora lacked good faith and due diligence. Defendants further allege that Mr. Nora engaged in forum shopping. Although Defendants admit that West UA Transport, Inc., a Michigan citizen, is a defendant in the suit, it alleges that West UA Transport, Inc. is an improper party to the suit.

The applicable law to determine the appropriate change of venue are 28 U.S. Code §1404, entitled "Change of venue" and 28 U.S.C §1631, entitled "Transfer to cure want of jurisdiction." Under §1404, any party may file a motion to transfer a suit, and, in its discretion, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." [2] Notably, §1631 requires a court to transfer a suit to a court of proper venue if it finds that transfer is in the interest of justice.[3] If transferred under §1631, the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.[4]

Pursuant to §1391, Michigan is an appropriate forum because West UA Transport, Inc., a Michigan citizen is a named party to the suit. In their opposition memorandum, Defendants, M&A Transport, Inc., LLS Leasing, Linda Stivason, and Mike Stivason, assert that West UA Transport, Inc. is not a proper party to this suit. Defendants baselessly assert that "As an employee, he cannot sue West UA Transport, his employer, in tort because his "sole remedy against an employer for a workplace-related injury is provided by" Michigan's worker's compensation law, which provides

---

[2] 28 U.S. Code §1404.
[3] 28 U.S.C §1631.
[4] 28 U.S.C §1631.

"'immunity from suit.'"[5] Defendants have no grounds or standing to challenge West UA Transport, Inc.'s involvement in this suit or to assert that worker's compensation exclusion applies to bar West UA Transport being named as a party in this suit.

Additionally, Plaintiff is not required to set forth, with specificity, every reason for naming West UA Transport as a defendant in this suit. Under Rule 12(b)(6), Plaintiff is only required to assert factual support to suggest that discovery will reveal evidence supporting the plaintiff's claim.[6]

Here, Plaintiff has asserted sufficient facts regarding West UA Transport to support it being named as a defendant. Specifically, Mr. Nora asserted that West UA Transport was his employer that Mr. Nora was driving the Volvo and attached trailer at the time of the accident and that West UA Transport has an UM/UMBI insurance policy that covered West UA Transport and the Volvo and attached trailer at the time of the accident.

Therefore, Mr. Nora was proper in naming West UA Transport as a party to the suit. Moreover, as West UA Transport, a Michigan resident, is a proper party to this suit, Michigan is an appropriate forum for this suit.

Of note, although Pennsylvania may also be a proper forum for this suit, it is not the only forum available. Thus, the Court should grant Plaintiff's motion to transfer this suit to the Eastern District of Michigan.

**C. Transfer to Michigan Should be Permitted.**

Defendants rely upon two cases, namely *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392 (2nd Cir. 1992) and *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009), to support their position

---

[5] See Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1631.
[6] *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 966 (M.D. La. 2020).

that this transfer should not be allowed. The *Spar* case suggests that a plaintiff who knowingly files suit in the wrong jurisdiction and who is not diligent in seeking a proper forum should not be awarded with a transfer of venue. But, that is not the case in the instant matter. As set forth herein, Plaintiff was in good faith at all times, including the filing of his Petition for Damages, the amendment of his Complaint, and this Motion to Transfer.

The *Stanifer* case is also distinguishable from the case at issue. The *Stanifer* plaintiff made no attempt to establish jurisdiction or to avoid dismissal once defendants sought to dismiss the case for lack of proper venue. Here, Plaintiff has exercised due diligence to avoid a prejudicial dismissal of his claims. He has opposed the Motion to Dismiss due to prescription; opposed the Motion to Dismiss due to lack of proper venue, opposed the Motion to Dismiss due to lack of personal jurisdiction and filed a Motion to Transfer. Thus, Mr. Nora should not face the same fate as the *Stanifer* plaintiff.

As outlined in Plaintiff's opposition to the Motion to Dismiss, this case involves parties and facts spanning multiple jurisdictions. Mr. Nora is a Louisiana domiciliary, the accident occurred in Pennsylvania and one or more Defendants are domiciled in Michigan. Mr. Nora suffered severe, life-altering injuries and filed suit in Louisiana in good faith. He now seeks transfer to Michigan in continued good faith.

In *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S.Ct. 1017, 209 L.Ed.2d 225 (2021), the Supreme Court of the United States considered general jurisdiction and specific jurisdiction of Ford, a large, corporate defendant, i.e.," a global auto company" and held that it had sufficient ties to states at issue to support specific jurisdiction and to subject it to forum at issue.

Defendants M&A Transport and LLS Leasing are large corporate entities engaged in interstate trucking and logistics, actively operating commercial vehicles across multiple states.

6

Like the defendant in *Ford Motor Co. v. Montana*, they are not passive participants but active contributors to the national stream of commerce. Given their regular interstate operations, they are not unduly prejudiced by a transfer of this matter to Michigan.

Moreover, Justice Brennan's dissenting opinion in *World-Wide Volkswagen Corp. v. Woodson*, although not yet adopted by the Supreme Court, supports a finding that Defendants should be subject to the jurisdiction of Michigan courts and that they are not unfairly prejudiced by this Court granting a motion to transfer to Michigan.[7] For reasons argued by Justice Brennan in his dissent in *World-Wide Volkswagen Corp.*, the Courts should apply a modern, flexible, and plaintiff-conscious approach to personal jurisdiction, instead of a rigid, defendant-focused framework it traditionally relies upon as established by *International Shoe Co v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945).[8]

In today's society, interstate commerce gives rise to cases such as this suit, wherein numerous states are implicated by the facts and parties involved. Justice Brennan argues for the position that modern commerce requires modern jurisdictional rules.[9] As recognized by Justice Brennan, goods and customers now travel across state lines within hours,[10] and defendants – especially large corporate entities such as Defendants – should expect this reality.

Additionally, Justice Brennan recognized that fundamental fairness requires a consideration of plaintiff's interests, including as set forth herein, Mr. Nora's initial belief that Defendants were domiciled in Louisiana and Mr. Nora's medical condition, both of which justified

---

[7] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (Stevens, J., dissenting).
[8] *Id.* at 444 U.S. 286, 308.
[9] *Id.* at 309.
[10] *Id.*

7

his filling of suit in Louisiana.[11] Moreover, Justice Brennan recognized that large corporate defendants are not severely prejudiced by litigating in a foreign state.[12] This is especially true for multi-jurisdictional litigation such as this suit. Defendants should establish more than mere inconvenience in support of arguing that the suit must be brought in its domicile.[13] Thus, Plaintiff avers that this court must consider all factors and render an equitable determination that this matter should be transferred to Michigan.

Personal jurisdiction in Michigan is proper over Defendants because they operate or authorize the operation of vehicles on interstate highways, they receive profits from those operations, they maintain vehicles or equipment that present foreseeable risk of harm while traveling interstate and they caused the injuries to Mr. Nora while engaging in commercial hauling (i.e., during the course of such activity). Thus, it is neither unfair nor constitutionally impermissible to require Defendants to defend themselves in Michigan, where other defendants are domiciled. In fact, a modern approach to the "Traditional notions of fair play and substantial justice"[14] support such a finding.

Accordingly, this Court should find that based upon the facts at issue, it should grant Plaintiff's motion to transfer this suit to Michigan. As set forth herein, Defendants will not be severely prejudiced by the transfer as they have availed themselves to the jurisdiction of other states by engaging in large commercial interstate business.

---

[11] *Id.*
[12] *Id*. at 301.
[13] *Id.*
[14] See *International Shoe Co v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945) (holding that jurisdiction is supported where the defendant's activities within the forum state constitute minimum contacts such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice").

### D. Plaintiff Alternatively Requests Transfer to Pennsylvania.

Alternatively, should the Court find that venue is improper or inconvenient for transfer to Michigan, Plaintiff respectfully requests that the case be transferred to Pennsylvania pursuant to 28 U.S.C. § 1406(a) and/or § 1631, rather than dismissed.

Defendants do not dispute their domicile or the existence of jurisdiction in Pennsylvania, and transfer would promote judicial efficiency and avoid unnecessary delay. Given Plaintiff's serious and permanent injuries, along with the multi-jurisdictional complexity of the case, dismissal would be an unduly harsh result that would unfairly prejudice Plaintiff and prevent adjudication on the merits.

### E. Plaintiff Address Use of "Suspicious" Citations.

In Defendants' opposition memorandum, they point to three citations Plaintiff's cited in their Motion to Transfer that they assert are "suspicious, " namely:

- *Mader v. Advanced Neuromodulation Sys., Inc*., 2005 WL 1863181 (E.D. La. Aug. 3, 2005);
- *Gallagher v. Wilton Enterprises, Inc.*, 962 F. Supp. 1162 (E.D. Pa. 1997); and
- *Krapf v. St. Luke's Hosp*., 4 A.3d 642 (Pa. Super. Ct. 2010).

Upon review, undersigned counsel acknowledges the cited authorities were inaccurate and mistakenly verified using Westlaw Precision, an AI-assisted research tool, rather than Westlaw's standalone legal database. In the interest of transparency and candor, counsel apologizes to the Court and opposing counsel and accepts full responsibility for the oversight.

Undersigned counsel now understands that Westlaw Precision incorporates AI-assisted research, which can generate fictitious legal authority if not independently verified. Since discovering the error, all citations in this memorandum have been independently confirmed, and a Motion for Leave to amend the Motion to Transfer has been filed to withdraw the erroneous citations. Counsel has also implemented new safeguards, including manual cross-checking in non-AI-assisted databases, to prevent future mistakes.

Undersigned counsel acknowledges the duty of candor to the Court and the obligation to ensure the accuracy of all legal authority presented. Although unaware at the time that the Motion to Transfer contained hallucinated cases, undersigned counsel should have verified all citations before filing. Counsel sincerely apologizes to the Court and Opposing Counsel, accepts full responsibility and has taken corrective measures to prevent future errors.

### III.  CONCLUSION

Plaintiff respectfully requests that this Court grant the Motion to Transfer to the Eastern District of Michigan, as it is an appropriate forum and supported by the facts and applicable law. Plaintiff filed suit in this venue in good faith but, upon discovering the lack of connection to Defendants, now seeks transfer. In the alternative, Plaintiff requests transfer to Pennsylvania. Dismissal would be unjust and would extinguish a valid claim based solely on procedural grounds rather than the merits.

Respectfully submitted,
**WRIGHT GRAY HARRIS, LLC**

*/s/ Laci N. Hamilton*
**ERIC A. WRIGHT, LA Bar No. 26149**
**LACI N. HAMILTON, LA Bar No. 36771**
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170
PH: (504) 500-0000
eric@wrightgray.com
l.hamilton@wrightgray.com
Service Email: service@wrightgray.com
***Attorneys for Plaintiff, Woody Nora***

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Eastern District of Louisiana ECF system, on this 14th day of July, 2025.

*/s/ Laci N. Hamilton*
**LACI N. HAMILTON**