**Jurisdictions:** 5th Circuit, Louisiana (State & Fed.)

Question

# 1. Arguments in favor of Transfer Under 28 U.S.C. § 1406(a) and § 1631

Arguments in favor of transferring a case under 28 U.S.C.A. § 1406 (a) and § 1631 focus on the interest of justice and the avoidance of procedural obstacles that could impede the fair adjudication of cases. Both statutes provide mechanisms to transfer cases to appropriate venues rather than dismissing them outright, which can prevent unnecessary delays and potential statute of limitations issues.

28 U.S.C.A. § 1406 (a) allows a district court to transfer a case filed in the wrong venue to a proper venue if it is in the interest of justice. This statute is designed to prevent the dismissal of cases due to technical errors in venue selection, which could otherwise result in significant prejudice to plaintiffs. The statute's language is broad enough to authorize the transfer of cases regardless of whether the court in which the case was initially filed had personal jurisdiction over the defendants (28 U.S.C.A. § 1406) [1]. The Supreme Court in Goldlawr, Inc. v. Heiman emphasized that § 1406(a) aims to remove obstacles that impede the expeditious and orderly adjudication of cases on their merits, thereby avoiding "time-consuming and justice-defeating technicalities" (Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962)) [2]. This principle was reiterated in Dubin v. United States, where the court noted that the interest of justice may require transfer rather than dismissal to prevent plaintiffs from being penalized for filing in an incorrect venue (Dubin v. U.S., 380 F.2d 813 (1967)) [3].

28 U.S.C.A. § 1631 provides for the transfer of cases when a court finds a lack of jurisdiction, including both subject matter and personal jurisdiction. The statute mandates that if it is in the interest of justice, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed 28 U.S.C.A. § 1631 . This provision ensures that cases are not dismissed solely due to jurisdictional issues, which could otherwise result in plaintiffs losing their right to have their cases heard. The Fifth Circuit in Franco v. Mabe Trucking Co., Inc. highlighted that § 1631 applies even when the transferring court does not explicitly mention the statute, as long as the transfer serves the interest of justice (28 U.S.C.A. § 1631) [4]. Additionally, the court in (Franco v. Mabe Trucking Company, Incorporated, 3 F.4th 788 (2021)) [5] noted that dismissal could lead to new filing fees and potential statute of limitations issues, which transfer under § 1631 aims to avoid TransFirst Group, Inc. v. Magliarditi .

The interest of justice is a central consideration in both statutes. Courts have consistently held that transferring a case is often preferable to dismissal because it facilitates a more expeditious resolution of the merits and avoids the costs and delays associated with refiling (TransFirst Group, Inc. v. Magliarditi, 237 F.Supp.3d 444 (2017)) [6]. Transfer is particularly favored when it prevents substantive rights from being lost due to procedural technicalities, such as the expiration of statutes of limitations (Graham v. Dyncorp Intern., Inc., 973 F.Supp.2d 698 (2013)) [7]. The Supreme Court in (In re Actos (Pioglitazone) Products Liability Litigation, Not Reported in Fed. Supp. (2017)) [8] and subsequent cases

have underscored that the procedural reforms embodied in these statutes are intended to ensure that cases are decided on their merits rather than being derailed by technical errors 🚩 Goldlawr .

In summary, arguments in favor of transfer under ( 🚩 Franco v. Mabe Trucking Company, Incorporated, 3 F.4th 788 (2021)) [5](a) and § 1631 emphasize the statutes' roles in promoting justice by preventing dismissals due to venue or jurisdictional errors, thereby ensuring that cases are adjudicated on their merits without undue procedural obstacles.

## Commentary about this question

### § 3842 Relation to Other Transfer Provisions

**Federal Practice and Procedure (Wright & Miller)** • 15 Fed. Prac. & Proc. Juris. § 3842 (4th ed.)

Transfer under 28 U.S.C. § 1406(a) applies when a case is filed in an improper venue and allows transfer to a proper venue within the same district or another district with personal jurisdiction over the defendant. Conversely, 28 U.S.C. § 1631 permits transfer to cure a lack of jurisdiction, primarily subject matter jurisdiction, and sometimes personal jurisdiction, to another court where the action could have been brought. Courts are divided on whether § 1631 covers personal jurisdiction issues, with the Fifth Circuit endorsing its broader application. Both statutes emphasize transfer in the interest of justice, although § 1631's application to venue defects is generally rejected.

### § 3827 Transfer to Proper Venue or Dismissal Under 28 U.S.C.A. § 1406(a)

**Federal Practice and Procedure (Wright & Miller)** • 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.)

The document provides a comprehensive examination of venue transfer under 28 U.S.C. § 1406(a) and § 1631. It discusses the prerequisites for transfer, including the necessity of subject matter jurisdiction for § 1406(a) and the capability of § 1631 to cure jurisdictional defects. Furthermore, it elucidates that while personal jurisdiction is not needed for § 1406(a) transfers, it can be an essential factor when the court is considering transfers under § 1631. The content also details the discretion granted to district courts in deciding whether transfer or dismissal is in the interest of justice, especially considering factors such as the statute of limitations and the efficiency of the transfer. Key judicial precedents and conflicting viewpoints among federal circuits regarding personal jurisdiction are highlighted.

### § 36:137. Transferring action to cure lack of personal jurisdiction

**Annotated Patent Digest (Matthews)** • 5 Annotated Patent Digest § 36:137

This excerpt explores the legal framework for transferring cases under 28 U.S.C. §§ 1406(a) and 1631. It indicates that district courts may transfer actions to cure lack of personal jurisdiction if it serves the interest of justice. The authority of courts to transfer cases without a motion from any party is also emphasized. Illustrative examples include various court rulings where transfer was either granted or denied based on the interests of justice and the specific circumstances of the cases. The document also underscores that the Supreme Court allows for such transfers to correct jurisdictional defects, as seen in Goldlawr, Inc. v. Heiman, while District and Circuit courts provide further interpretative guidance.

The above response is AI-generated and may contain errors. It should be verified for accuracy.

## Cases, statutes, and regulations

**1. § 1406.   Cure or waiver of defects**

**28 USCA § 1406**

"…(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue. (c) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.…"

**2.   Goldlawr, Inc. v. Heiman**

**Supreme Court of the United States** • April 30, 1962 • 369 U.S. 463 • 82 S.Ct. 913

"…The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years-that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of s 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into s 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.…"

"…Statute providing that district court of district in which is filed case laying venue in wrong division or district shall dismiss, or if it be in interest of justice, transfer such case to any district or division in which it could have been brought authorizes transfer of cases, however wrong plaintiff may have been in filing his case as to venue, whether court in which it was filed had personal jurisdiction over defendants or not. 28 U.S.C.A. S 1406(a).…"

**3.   Dubin v. U.S.**

**United States Court of Appeals Fifth Circuit.** • July 25, 1967 • 380 F.2d 813 • 20 A.F.T.R.2d 5250

"…'The language of S 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the

procedural changes of the past few years- that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of S 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into S 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.…"

"…"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history- either that relied upon by the Court of Appeals or any other that has been brought to our attention. The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * * business' in the Eastern District of Pennsylvania. The language and history of S 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.…"

## 4. § 1631.   Transfer to cure want of jurisdiction

28 USCA §  1631

"…Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.…"

## 5.  Franco v. Mabe Trucking Company, Incorporated

United States Court of Appeals, Fifth Circuit.   •   July 08, 2021   •   3 F.4th 788   •   2021 WL 2849971

"…Provisions of statute governing transfers for want of jurisdiction applied to automobile driver's personal injury action that was brought in Texas district court and subsequently transferred to Louisiana district court, even though the parties did not move under the statute, and the transferring court did not mention the statute in its transfer

"…orders, and instead invoked the statute governing cure or waiver of defects when a case is filed that lays venue in the wrong division or district; the statute's text stipulated that a district court shall transfer any case where it finds jurisdiction lacking and that transfer, rather than dismissal, would be "in the interest of justice." 28 U.S.C.A. SS 1406(a), 1631.…"

"…A .1. Courts were divided over whether personal jurisdiction over a defendant was required before a transfer could occur under these statutes until the Supreme Court ruled in Goldlawr v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), that it was not-at least with respect to a S 1406(a) transfer. The Court reasoned that the S 1406(a) was intended to "remov(e) whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits," so that plaintiffs would not be penalized by " 'time-consuming and justice-defeating technicalities.' " Id. at 466-67, 82 S.Ct. 913 (quoting Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)). Accordingly, the Court held that Congress had made "(t)he language of (S )1406(a) . amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Id. at 466, 82 S.Ct. 913.…"

"…A .1. The historical context of S 1631's enactment also suggests that it was intended to address situations in which a court lacks personal jurisdiction but transfer rather than dismissal is in the interest of justice. Until 1948, courts had no statutory transfer authority; a dismissal without prejudice was their only clear recourse when a case was filed in an incorrect or inconvenient forum, which often worked an injustice on plaintiffs who were time-barred from refiling. See Ellis v. Great S.W. Corp., 646 F.2d 1099, 1104 (5th Cir. 1981); Jeremy Jay Butler, Venue Transfer When A Court Lacks Personal Jurisdiction: Where Are Courts Going with 28 U.S.C. S 1631?, 40 Val. U. L. Rev. 789, 843 & n.50 (2006). To address this issue, Congress enacted 28 U.S.C. S 1404(a), which authorized a discretionary transfer when venue was proper but another venue was more convenient, and S 1406(a), which required a transfer when venue was improper but justice nonetheless weighed in favor of transfer to a proper venue rather than dismissal. Transfer in the Federal Courts in the Absence of Personal Jurisdiction, 61 Colum. L. Rev. 902, 902 (1961). The distinction between the two provisions had important consequences for the outcomes of cases because the transferor court's choice-of-law rule applied following a S 1404(a) transfer, but the transferee court's choice-of-law rule applied after a S 1406(a) transfer. See Butler, supra, at 799-803.…"

## 6. 🚩 TransFirst Group, Inc. v. Magliarditi

**United States District Court, N.D. Texas, Dallas Division.**   •   February 15, 2017   •   237 F.Supp.3d 444   •   2017 WL 660638

"…1. Transfer of Plaintiffs' Suit Against Mrs. Magliarditi and the Partnership Defendants under 28 U.S.C. S 1631. Finally, dismissal of a case, as opposed to transfer, will require a plaintiff to incur new filing fees and other costs, and a dismissal could raise issues regarding limitations. The court can think of no logical reason why a district court that lacks personal jurisdiction should not be allowed to transfer an action to another court, rather than dismiss it, under such circumstances. A narrow interpretation that S 1631 only applies to subject matter jurisdiction is plainly contrary to the text of the statute and does not promote judicial economy.…"

"…1. Transfer of Plaintiffs' Suit Against Mrs. Magliarditi and the Partnership Defendants under 28 U.S.C. S 1631. Whenever a civil action is filed in a court . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . and the action . shall proceed as if it had been filed in . the court

"to which it is transferred on the date upon which it was actually filed in . the court from which it is transferred. 28 U.S.C. S 1631.…"

### 7. Graham v. Dyncorp Intern., Inc.

**United States District Court, S.D. Texas, Galveston Division.**  •  September 19, 2013  •  973 F.Supp.2d 698  •  2013 WL 5305788

"…C. Dismissal or Transfer of Claims Against DynCorp LLC. Given the finding that venue is improper in this District over DynCorp LLC, the Court has discretion to dismiss or transfer the case in the interest of justice to any district where it could have been brought. See 28 U.S.C. S 1406(a). In general, the interest of justice "requires transferring such cases to the appropriate judicial district rather than dismissing them." Chenevert v. Springer, No. C-09-35, 2009 WL 2215115, at *4 (S.D.Tex. July 22, 2009) (citations and internal quotations omitted). This Court finds that transferring the case would be in the interest of justice because "(t)ransfer would facilitate a more expeditious resolution of the merits of the controversy in a concededly proper forum and would avoid the costs and delay that would result from dismissal and refiling." Tex. Source Grp., Inc. v. CCH, Inc., 967 F.Supp. 234, 239 (S.D.Tex.1997) (citation and punctuation marks omitted). Transfer also avoids any potential statute of limitations problems that might arise if Graham were required to refile this case involving an event in 2011. See Herman v. Cataphora, Inc., 730 F.3d 460 (5th Cir.2013) (holding under section 1406(a) that a transfer was "in the interest of justice to avoid any potential statute of limitations issues in California").…"

"…Transferring plaintiff's negligence action arising from an accident at an American military base in Afghanistan, which was brought in an improper venue, rather than dismissing it, was in the interest of justice; transfer would facilitate a more expeditious resolution of the merits of the controversy in a concededly proper forum and would avoid the costs and delay that would result from dismissal and refiling, and transfer also avoided any potential statute of limitations problems that might arise if plaintiff were required to refile the case. 28 U.S.C.A. S 1406(a).…"

### 8. In re Actos (Pioglitazone) Products Liability Litigation

**United States District Court, W.D. Louisiana.**  •  November 28, 2017  •  Not Reported in Fed. Supp.  •  2017 WL 5895483

"…B. BECAUSE THIS COURT LACKS VENUE UNDER 28 U.S.C. S 1391, TRANSFER OR DISMISSAL UNDER 28 U.S.C. S 1406 ARE THE ONLY OPTIONS AVAILABLE TO THIS COURT. When a plaintiff commences an action in the wrong district or division, the federal court will either dismiss the action for improper venue or transfer the case to any district or division where it could have been brought if such a transfer would be in the interest of justice. 28 U.S.C. S 1406(a). The purpose of the statute in allowing District Courts the discretion to dismiss or transfer is to eliminate impediments to timely disposition of cases on the merits. Transfering (sic) the case is the preferred remedy because it avoids any statute of limitations problems and the necessity of filing and serving a new action. Minnette v. Time Warner, 997 F.2d 1023 (2d Cir. 1993). It is especially appropriate here where the defendants, by their own motions, requested the transfer of the case as an alternative to dismissal.…"

"…B. BECAUSE THIS COURT LACKS VENUE UNDER 28 U.S.C. S 1391, TRANSFER OR DISMISSAL UNDER 28 U.S.C. S 1406 ARE THE ONLY OPTIONS AVAILABLE TO THIS COURT. The language of S 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the

past few years-that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of S 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into S 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired. Goldlawr, 369 U.S. at 466-67, 82 S.Ct. 913.…"

### 9. 🚩 Palmer v. Idalia Llorens Collection Agency, Inc.

**United States District Court, E.D. Texas, Beaumont Division.** • January 21, 2020 • 434 F.Supp.3d 462 • 2020 WL 579565

"…When a case is filed in an improper venue, statute governing cure or waiver of defects permits the district court to dismiss the case or in the interest of justice transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. S 1406(a).…"

"…B. Venue. Under Federal Rule of Civil Procedure 12(b)(3) a party may move to dismiss a case for improper venue. Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 55, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). When a case is filed in an improper venue, 28 U.S.C. S 1406(a) permits the district court to dismiss the case or in the interest of justice "transfer such case to any district or division in which it could have been brought." Atlantic, 571 U.S. at 55, 134 S.Ct. 568; Self v. M&M Chemical Co., 177 F.3d 977 (5th Cir. 1999) (noting that the congressional purpose in allowing such transfers is to avoid the injustice which results when plaintiff's action is dismissed merely because they made an erroneous guess with venue). "(A) district is 'wrong' within the meaning of S 1406 whenever there exists an 'obstacle (to) an expeditious and orderly adjudication' on the merits." Clemons v. WPRJ, LLC, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) (citing Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1105 (5th Cir. 1981)). In addition, lack of personal jurisdiction is another ground for transferring venue. Id.; Ellis, 646 F.2d at 1105 and n. 7. Although Section 1391 governs proper venue, it is uncontested that the Beaumont Division of the Eastern District of Texas is an improper venue for this case. See 28 U.S.C. S 1391(b). Therefore, the Court declines to analyze whether venue may be proper in this Court and instead will determine whether Ms. Palmer's case should be dismissed or transferred under Section 1406(a).…"

### 10. 🚩 Herman v. Cataphora, Inc.

**United States Court of Appeals, Fifth Circuit.** • September 17, 2013 • 730 F.3d 460 • 2013 WL 5223101

"…3. Whether dismissal or transfer is the appropriate disposition. Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, a federal court is authorized under 28 U.S.C. S 1406(a) to transfer the action to "any district or division in which it could have been brought" if the court finds that it is "in the interest of justice" to transfer the action. See Dubin v. United States, 380 F.2d 813, 816 (5th Cir.1967). Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. Id. The statute specifically refers to "laying venue in

the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. See Bentz v. Recile, 778 F.2d 1026, 1028 (5th Cir.1985). We explained that a division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. Id. Therefore, upon finding that it lacked personal jurisdiction, the district court correctly cited Section 1406(a) for the authority to transfer the case if that was appropriate in the interest of justice. Id. at 1027.…"

"…DISCUSSION .1. Appellate jurisdiction. In its final order, the district court provided a detailed explanation of its reasons for concluding it lacked personal jurisdiction over the Defendants. At the end of this analysis, the court stated "it is appropriate to decide whether this matter should be dismissed or transferred." It then analyzed this question based on 28 U.S.C. S 1406(a), under which a district court "in which is filed a case laying venue in the wrong division or district" must transfer a case "if it be in the interest of justice." Concluding that standard was met, the court decided transfer was appropriate. But rather than order the case transferred pursuant to the alternative request in the Defendants' motion, the court granted the Defendants' motion to dismiss, and then "further ordered that this matter is transferred to the (United States) District Court for the Northern District of California."…"

## 11. Kirk v. Stafford

**Court of Appeal of Louisiana, Fourth Circuit.**  •  May 12, 2021  •  320 So.3d 1213  •  2021 WL 1919080

"…Transfer or dismissal of a lawsuit due to improper venue are addressed in Articles 121 and 932 of the Code of Civil Procedure. "When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." La. C.C.P. art. 121. Similarly, Article 932(B) provides in part that "if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice." La. C.C.P. art 932(B). Typically, transfer is found to be "in the interest of justice" when it "prevents substantive rights being lost, without a determination upon the merits, by becoming time-barred under prescription or peremption despite having been filed and served timely albeit in the improper venue." Blow, 16-0301, pp. 21-22, 193 So.3d at 257 (quoting Garrison, 02-1430, p. 3, 857 So.2d at 1094). Ordinarily, under such a scenario, transfer rather than dismissal is favored unless a plaintiff knowingly files suit in an improper venue. Garrison, 02-1430, p. 3, 857 So.2d at 1094. Neither of these factors are present here. Nothing before this Court indicates that Relators would lose substantive rights (under prescription or otherwise) if their Orleans Parish lawsuit is dismissed, as they filed a nearly identical Jefferson Parish lawsuit, which remains pending. No suggestion is made that Relators knew Orleans Parish was an improper venue at the time they filed suit there.…"

## 12. ⚑ Hoffman v. Blaski

**Supreme Court of the United States**  •  June 13, 1960  •  363 U.S. 335  •  80 S.Ct. 1084

"…To relieve against what was apparently thought to be the harshness of dismissal, under the doctrine of forum non conveniens, of an action brought in an inconvenient one of two or more legally available forums, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and concerned by the reach of Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, Congress, in 1948, enacted 28 U.S.C. s 1404(a), 28 U.S.C.A. s 1404(a), which provides: 's 1404. Change of venue. 's 1404. Change of venue. '(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

or division where it might have been brought.' The instant cases present the question whether a District Court, in which a civil action has been properly brought, is empowered by…"

### 13. 🚩 Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas

**Supreme Court of the United States** • December 03, 2013 • 571 U.S. 49 • 134 S.Ct. 568

"…Under statute governing cure or waiver of venue defects, which provides that district court of district in which is filed a case laying venue in wrong division or district shall dismiss, or if it be in interest of justice, transfer such case to any district or division in which it could have been brought, a "wrong" district is a district other than those districts in which Congress has provided by its venue statutes that the action may be brought. 28 U.S.C.A. SS 1391, 1406(a).…"

### 14. In re Library Editions of Children's Books

**Judicial Panel on Multidistrict Litigation.** • April 03, 1969 • 299 F.Supp. 1139

"…Section 1406(a) provides: The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.…"

### 15. 🚩 In re Volkswagen of America, Inc.

**United States Court of Appeals, Fifth Circuit.** • October 10, 2008 • 545 F.3d 304 • 2008 WL 4531718

"…A. There can be no question but that the district courts have "broad discretion in deciding whether to order a transfer." Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir.1987)). But this discretion has limitations imposed by the text of S 1404(a) and by the precedents of the Supreme Court and of this Court that interpret and apply the text of S 1404(a).…"

## Additional Research on This Topic

### 16. 🚩 Van Dusen v. Barrack

**Supreme Court of the United States** • March 30, 1964 • 376 U.S. 612 • 84 S.Ct. 805

"…Transferee federal District Court to which action has been transferred on motion of defendant under change of venue statute, may apply its own rules governing conduct and dispatch of cases in its court. 28 U.S.C.A. S 1404(a).…"

## 17. § 1404.   Change of venue [Statutory Text & Notes of Decisions subdivisions I to X]

28 USCA § 1404

"…(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.…"

"…(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer. (c) A district court may order any civil action to be tried at any place within the division in which it is pending. (d) Transfers…"

## 18. ⚑  § 1292.   Interlocutory decisions

28 USCA § 1292

"…(4)(A) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631 of this title.…"

"…(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court; (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property; (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed. (b)…"

## 19. ⚑  § 1391.   Venue generally

**28 USCA § 1391**

"…(a) Applicability of section.--Except as otherwise provided by law-- (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in general.--A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to…"

## Administrative decisions and guidance

### FEDERAL JUDICIAL CENTER REPORT ON CHAPTER 11 VENUE CHOICE BY LARGE PUBLIC COMPANIES

October 20, 1997 • II N.B.R.C. Rep. Appendix D-2 p. 1 • 1997 WL 985168

"...1996 survey on venue. The clerks and staffs of the 28 districts from which we requested information were unfailingly helpful and..."

"...the National Bankruptcy Review Commission. The proposal is to amend 28 U.S.C. § 1408 to prohibit corporate debtors from filing for relief in..."

"...and related information) that the judges believed should have been transferred to another venue but were not. In response to the..."

"...small number of cases that they believed should have been transferred away from their own districts or divisions. In response to the second question, judges from 28 districts provided the names of 55 cases that they believed should have been transferred into their own districts. Approximately three-quarters of these cases..."

### WORLD LEBANESE CULTURAL UNION OF NEW YORK, INC. v. WORLD LEBANESE CULTURAL UNION, INC.

September 27, 2013 • 2013 WL 11247706

"...the registration was procured by fraud, the District Court found in favor of respondent holding that petitioner did not present sufficient evidence..."

"...claim of likelihood of confusion in this matter. Accordingly, respondent's argument that the Jet, Inc. decision is not applicable to this..."

"...at 2 p.m. Eastern time. [FN3] . The District Court transferred the action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406( a) . With regard to our decision in Treadwell's Drifters Inc..."

### WORLD LEBANESE CULTURAL UNION OF NEW YORK, INC. v. WORLD LEBANESE CULTURAL UNION, INC.

**September 12, 2013**  •  **2013 WL 11247705**

"...on December 4, 2012. At the close of the parties' arguments, both parties moved for judgment as a matter of law..."

"...necessary to cancel respondent's involved registration and, accordingly, entered judgment in favor of respondent on this claim. Neither party appealed any of..."

"...affidavit accepted on May 7, 2011. . The District Court transferred the action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406( a) Fed. R. Civ. P. 50(a) (1) provides as..."

## Practical Law

### Section 1983: Overview

**Practice note: overview**  •  **Maintained**  •  National/Federal

A Practice Note providing an overview of Section 1983 (42 U.S.C. § 1983) claims for civil rights violations by state and local government actors. This Note explains the substantive elements and major procedural issues in Section 1983 cases, including the color of state law requirement, personal, supervisory claims, official capacity claims, entitlement to absolute or qualified immunity, applicable statutes of limitations, issues of federal jurisdiction and preclusion, and damages.

"...'"For the purposes of venue, state officers 'reside' in the district where they perform their official duties'" ( Rush v. Fischer, 923 F. Supp. 2d 545, 556 (S.D.N.Y. 2013) (citation omitted)). "[A] plaintiff's choice of forum 'should not be disturbed unless the balance of the factors tips heavily in favor of a transfer'" ( Rush, 923 F. Supp. 2d at 556-57)...."

"...Section 1983 does not contain a general limitations period. The time within which a plaintiff must assert a Section 1983 claim varies depending on the right or rights at issue. Rights created by a federal statute enacted after December 1, 1990 are subject to a four-year statute of limitations ( 28 U.S.C. § 1658(a)). This limitations period applies even if the right-creating statute amended a law originally adopted before 1990. If Congress created the right after December 1, 1990, the federal limitations period applies ( Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004))...."

"...Plaintiffs often include state law claims in actions brought in federal district court under Section 1983. Federal courts have supplemental jurisdiction over the state law claims if those claims arise out of the same facts (

28 U.S.C. § 1367). Supplemental jurisdiction also applies to cases originating in state court and removed by the defendant to federal court. State defendants must be cautious regarding removal of cases involving both Section 1983 and state law claims. A State that voluntarily removes a case to federal court waives the state's sovereign immunity to the state law claims ( Lapides v. Bd. of Regents, 535 U.S. 613, 624 (2002)). For more information, see Practice Notes, Sovereign Immunity of State and Local Governments in State Courts..."

"...Certain per diem, mileage, and subsistence rates may also be claimed ( 28 U.S.C. § 1821)...."

## Motion to Transfer Venue (Federal)

**Practice notes** • **Maintained** • National/Federal

A Practice Note addressing motions to transfer venue in federal civil litigation under both 28 U.S.C. § 1406(a) (when venue is improper) and 28 U.S.C. § 1404(a) (when venue is proper but transfer to another venue is appropriate for convenience). This Note discusses key considerations surrounding transfer, including reasons to seek transfer, the factors courts consider in deciding transfer motions, sanctions for frivolous transfer motions, and appellate review of orders on transfer motions.

"...A Practice Note addressing motions to transfer venue in federal civil litigation under both 28 U.S.C. § 1406( a) (when venue is improper) and 28 U.S.C. § 1404(a) (when venue is proper but transfer to another venue is appropriate for convenience). This Note discusses key considerations surrounding transfer, including reasons to seek transfer, the factors courts consider in deciding transfer..."

"...If the plaintiff's chosen venue is improper because it does not meet Section 1391(b)'s requirements, counsel should consider moving to dismiss or transfer the case under Section 1406( a). However, counsel should keep in mind that if a proper venue for the case exists, a court is unlikely to dismiss the case. This is because courts typically opt instead to transfer the case to the proper venue (see Motions Under 28 U.S.C. § 1406( a))...."

"...Before moving to transfer under Section 1406(a), counsel should first determine what substantive law would apply based on the transferee court's choice-of-law principles, and whether that law is favorable to the client. If the applicable substantive law would be less favorable to the client, counsel may wish to refrain from seeking transfer, or else determine whether transfer under Section 1404(a) would result in the court applying more favorable laws. Unlike a transfer under Section 1406( a), the choice-of-law rules of the court that transfers the case (transferor court) applies to a Section 1404(a)..."

"...Even if a party has waived the defense of improper venue under FRCP 12 and Section 1406( a), a party still may have the option to seek transfer of the case under Section 1404(a) (see Timing of a 28 U.S.C. § 1404(a) Motion)...."

## Section 301 Tariffs on Imports from China

**Practice notes** • **Maintained** • National/Federal

A Practice Note discussing the tariffs imposed by the US on imports of goods originating from China following the investigation of China's acts, policies, and practices related to technology transfer, intellectual property, and innovation conducted by the Office of the US Trade Representative (USTR) under Section 301 of the Trade Act

of 1974. This Note discusses the general criteria for imposing tariffs and other measures under Section 301, the chronology of the China Section 301 investigation, the resulting imposition of US tariffs on Chinese goods, China's retaliatory duties on US exports to China, the product exclusion process in each country, and the disputes filed by each country at the World Trade Organization (WTO).

"...On appeal, the Federal Circuit affirmed the CIT's decision, holding that the lower court lacked jurisdiction under 28 U.S.C. § 1581(i) because jurisdiction would have been available under 28 U.S.C. § 1581(a) had the importers timely protested CBP's classification of the imported goods as subject to Section 301 duties. In so ruling, the Federal Circuit rejected the plaintiffs' argument that CBP had only a ministerial role in implementing product exclusions granted by the USTR and did not engage in any substantive decision-making of its own that resulted in a protestable decision. The Federal Circuit reasoned that:..."

"...The plaintiffs sought to invoke the CIT's subject-matter jurisdiction under 28 U.S.C. § 1581(i), which is a residual grant of jurisdiction that applies if relief is not available under another provision of Section 1581. On June 11, 2021, the CIT held that it lacked jurisdiction under Section 1581(i) because jurisdiction would have existed under Section 1581(a) had the plaintiffs filed timely protests with CBP and then, if CBP denied the protests, commenced actions under Section 1581(a) to challenge the protest denials. Because the plaintiffs failed to do so, the court granted the government's motion to dismiss. ( ARP Materials, Inc. v. United States and Harrison Steel Castings Co. v. United States..."

"...Section 301 of the Trade Act of 1974 (Section 301) authorizes the Office of the US Trade Representative (USTR) to take certain action, including imposing tariffs or other import restrictions such as quotas, if, after conducting an investigation under Section 301, the USTR finds that a foreign government has engaged in unfair trade practices ( 19 U.S.C. § 2411)...."

"...Section 304 of the statute ( 19 U.S.C. § 2414(a)(1)(B), (2)(B)) requires the USTR to determine what action to take (if any) within 12 months after it initiates a Section 301 investigation, but the USTR's action giving rise to the tariffs on List 3 goods and List 4A goods occurred more than 12 months after it initiated the investigation on August 18, 2017; and..."

## Additional secondary sources

### THE FEDERAL TRANSFER STATUTE: 28 U.S.C. § 1631

**South Texas Law Review**  •  **29 S. Tex. L. Rev. 189**

I. INTRODUCTION. 190 II. THE LAW BEFORE ENACTMENT OF SECTION 1631. 192 A. The Statutory Law Prior to Enactment of Section 1631. 192 B. Federal Common Law Prior to Enactment of Section 1631. 194 III. GENESIS OF SECTION 1631. 197 IV. LEGISLATIVE HISTORY. 200 V. THE CASE LAW AFTER ENACTMENT OF SECTION 1631: POST-1982 ACT SURVEY OF ISSUES. 201 A. How Should Section 1631 be Approached?. 202 B. Is a Decision Under Section 1631 Appealable?. 202 C. May the Transferee Court Also Decide the Jurisdictional Question and Retransfer?. 205 D. May the Transferee Court Redecide Matters on the Merits Decided by the Transferor Court Prior to Transfer?. 209 E. When Is the Effective Date of Section 1631?. 210 F.

When Can a Request for Transfer be Made?. 213 G. When Will a Case be Dismissed Rather than Transferred?. 214 H. When Will a Case be Transferred Rather than Dismissed?. 219 I. What Type of Jurisdiction is...

"...In the shadow of the creation of the United States Court of Appeals for the Federal Circuit (hereinafter the Federal Circuit), Congress enacted a short statute of monumental importance to federal practice, the new federal transfer statute, section 1631 of title 28 of the United States Code...."

".... See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-67 (1962) ( 28 U.S.C. § 1406( a) can be used to correct lack of venue even though court had no personal jurisdiction; personal jurisdiction could then be obtained in the transferee court where venue was proper)...."

".... Section 1631 provides: Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred..."

".... In pertinent part, § 1631 provides that: 'Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . is noticed for or filed with such a court . . . the court shall . . . transfer . . . to any other such court . . ..' 28 U.S.C. § 1631 (1983)...."

### VENUE TRANSFER WHEN A COURT LACKS PERSONAL JURISDICTION: WHERE ARE COURTS GOING WITH 28 U.S.C. § 1631?

**Valparaiso University Law Review** • 40 Val. U. L. Rev. 789

Courts use venue to balance the plaintiff's choice of forum with protections of fairness and convenience for defendants. Venue transfer is one aspect of venue that Congress created to improve the efficient change of courtrooms when either the public or the defendant demands a more convenient forum. The original venue transfer provisions, 28 U.S.C § 1404(a) and 28 U.S.C. § 1406(a), are meant to be easy to follow, but they have created complications when courts have used them to transfer cases when they lack jurisdiction over the defendant. As a result, venue transfer lacks the certainty that lawyers typically rely on, wastes judicial time, and wastes resources. Courts have tried to use 28 U.S.C. § 1631 to solve these problems, but again, inconsistent court opinions prevent the statute from making venue transfer efficient. The result is that practicing attorneys have difficulty predicting the results following a venue transfer. This phenomenon is best illustrated...

"...[FN2] The original venue transfer provisions, 28 U.S.C § 1404(a) [FN3] and 28 U.S.C. § 1406( a), [FN4] are meant to be easy to follow, but they have created complications when courts have used them to transfer cases when they lack jurisdiction over the defendant...."

"...Section 1406( a) allows a transfer of venue when it is initially found to be improper, as long as it is "in the interest of justice." 28 U.S.C. § 1406( a)...."

".... Id. at 643. In determining whether the laws of the transferor or the transferee state apply to a diversity action that was transferred from one state to another . we distinguish between cases transferred for the convenience of one of the parties under 28 U.S.C. § 1404(a), and cases transferred under 28 U.S.C. §§ 1404(a) or 1406..."

"...); 28 U.S.C. § 1406( a) ( "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case.")...."

### § 3:42. Dismissal or transfer of action based on improper venue or lack of personal jurisdiction

Business and Commercial Litigation in Federal Courts 5th American Bar Association Section of Litigation  •  1 Bus. & Com. Litig. Fed. Cts. § 3:42 (5th ed.)

28 U.S.C.A. § 1406(a) reads as follows: (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. Upon a motion to dismiss for improper venue under Section 1406(a), a court has authority to either dismiss the action or transfer it to any district "in which it could have been brought." If venue is proper in the forum district, Section 1406(a) is inapplicable and any transfer motion is governed by 28 U.S.C.A. § 1404(a). Courts rarely choose to dismiss an action for improper venue under Section 1406(a), and most often order a transfer. The standard for transfer, "if it be in the interest of justice," is typically satisfied and the alternative might be severe, especially if—since the action was filed—the statute of limitations has run. Transfer has often...

"...[ 2] If venue is proper in the forum district, Section 1406( a) is inapplicable and any transfer motion is governed by 28 U.S.C.A. § 1404(a).[...]"

"...28 U.S.C.A. § 1406( a) reads as follows: (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought...."

"...Rather, 28 U.S.C.A. § 1631 provides a basis for transferring a case to the proper federal court when the transferor court lacks subject matter jurisdiction...."

"...See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 141, 36 Media L. Rep. (BNA) 1065 (5th Cir. 2007) (holding that following a transfer from a district in which personal jurisdiction over the defendant could not be obtained in a diversity suit, the transferee court is required to apply its own choice of law principles, regardless of which party requested the transfer and regardless of whether the action was transferred under 28 U.S.C.A. §§ 1406( a..."

# Current awareness

### 3rd Circuit: No transfer of rejected suit against bankrupt firm's execs

WESTLAW Bankruptcy Daily Briefing  •  2018 WL 6319749

A Delaware bankruptcy judge could not transfer to Pennsylvania federal district court a liquidation trustee's $250 million adversary suit against the debtor's former executives because the bankruptcy court lacked jurisdiction to hear the suit, a federal appeals panel has ruled.

"...The trustee then moved to transfer the case to the U.S. District Court for the Eastern District of Pennsylvania under 28 U.S.C.A. § 1631...."

"...Section 1631 authorizes transfers of civil actions filed in a "court" as defined in 28 U.S.C.A. § 610, which refers to "the courts of appeals and district courts of the United States."..."

"...Under 28 U.S.C.A. § 157(d), district courts may withdraw any case or proceeding referred to the district's bankruptcy court through a standing order under Section 157(a)...."

"...U.S. Bankruptcy Judge Kevin J. Carey ruled in December 2011 that the court lacked jurisdiction to hear the matter, saying it was not a "core" proceeding for purposes of 28 U.S.C.A. § 157(b)...."

### Bankruptcy that bounced between states will stay where it started

WESTLAW Bankruptcy Daily Briefing  •  2023 WL 3698554

A Georgia couple who filed for Chapter 7 relief in Tennessee can complete their case there after it was transferred to Georgia and back again, a Tennessee bankruptcy judge has ruled.

"...He agreed with Thompson that 28 U.S.C.A. § 1406( a) requires a case filed in an improper venue to be dismissed or transferred to the property venue...."

"...But once the Hoversons' case was in the proper venue, 28 U.S.C. § 1412 allowed Judge Bonapfel to transfer the case to any other district, Judge Whittenburg said...."

"..."As rightly noted by Judge Bonapfel, Thompson does not address the ultimate issue that the Peughs have asked courts to resolve — whether an improperly venued bankruptcy case can be transferred to a proper venue and then be transferred back to what was initially an improper venue," Judge Whittenburg said...."

"..."A case that is filed in an improper venue may have that defect cured by transfer to a proper venue, and then, the case can be transferred to any other district, including where it was filed initially," U.S. Bankruptcy Judge Nicholas W. Whittenburg of the Eastern District of Tennessee said May 24...."

### Multimillion-dollar elder fraud scheme lands Nigerian man in prison

WESTLAW TODAY White Collar Crime Briefing  •  2025 WL 1243181

A Nigerian national must spend more than eight years in prison for his role in an inheritance scam that defrauded more than 400 victims out of more than $6 million.

"...The government said the conspirators then directed the victims to fill out an application and send money for fees, taxes and other expenses via cash, check or wire transfer so they could receive their supposed inheritance...."

"...U.S. District Judge Roy K. Altman of the Southern District of Florida on April 25 sentenced Okezie B. Ogbata on one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C.A. § 1349...."