UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WOODY NORA,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1015** |
| **M & A TRANSPORT, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

The Court ordered Laci N. Hamilton, counsel for the Plaintiff, to appear to show cause as to why she should not be sanctioned for her failure to comply with Federal Rule of Civil Procedure 11(b)(2) & (3) by signing and filing a written Motion to Transfer Venue[1] without verifying the accuracy of three of the citations contained in the memorandum in support of the Motion[2] and misrepresenting the origin of the citations in her reply[3] memorandum in support of the motion.[4] Ms. Hamilton appeared before the Court on Monday, August 4, 2025, at 3:00 p.m.[5]

## BACKGROUND

On June 30, 2025, Ms. Hamilton, on behalf of Plaintiff, signed and filed a Motion to Transfer Venue.[6] On July 8, 2025, Defendants M & A Transport, LLS Leasing, Linda Stivason, and Mike Stivason (collectively, "Defendants") filed an opposition to Plaintiff's

---

[1] R. Doc. 24.
[2] *Id.*
[3] R. Doc. 52.
[4] R. Doc. 65.
[5] R. Doc. 66.
[6] R. Doc. 24.

Motion to Transfer Venue.[7] In this opposition, Defendants identified what they referred to as three "suspicious" citations.[8]

The first of these "suspicious" citations is Ms. Hamilton's citation to *Gallagher v. Wilton Enterprises, Inc.*, 962 F. Supp. 1162 (E.D. Pa. 1997). Ms. Hamilton cited *Gallagher* as a case in which "the Eastern District of Pennsylvania transferred a case filed in the wrong district rather than dismissing it, applying principles of equitable tolling and observing that transfer avoids harsh outcomes based on technical filing errors."[9] The citation "962 F. Supp. 1162" corresponds to *Kenro, Inc. v. Fax Daily, Inc.* rather than *Gallagher*.[10] Although *Gallagher v. Wilton Enterprises, Inc.* is the name of a reported opinion issued by the United States Court of Appeals for the First Circuit,[11] neither *Gallagher* nor *Kenro* discuss venue transfer or equitable tolling.

Second, Ms. Hamilton cited *Mader v. Advanced Neuromodulation Sys., Inc.*, 2005 WL 1863181 (E.D. La. Aug. 3, 2005) as a case in which "this Court granted a transfer where venue was technically improper but the claim was timely filed, reasoning that dismissal would unfairly prejudice the plaintiff."[12] The Court's research does not reveal any cases bearing the name *Mader v. Advanced Neuromodulation Sys., Inc.* The citation "2005 WL 1863181" is for *In re Yacavino*, which is a New Jersey Supreme Court case on an attorney disciplinary matter.[13]

Third, Ms. Hamilton cited *Krapf v. St. Luke's Hosp.*, 4 A.3d 642 (Pa. Super. Ct. 2010) for the proposition that "Courts favor transferring such cases rather than

---

[7] R. Doc. 33.
[8] *Id.* at pp. 2-3.
[9] R. Doc. 24 at p. 5.
[10] 962 F. Supp. 1162 (S.D. Ind. 1997).
[11] 962 F.2d 120 (1st Cir. 1992).
[12] R. Doc. 24 at p. 4.
[13] 2005 WL 1863181 (N.J. 2005).

dismissing them when doing so serves the interest of justice and avoids prejudice."[14] *Krapf*, a real case, does not address transfer of venue.[15]

On July 10, 2025, the Court issued an order setting oral argument on Plaintiff's Motion to Transfer Venue and Defendant's Motion to Dismiss Due to Improper Venue.[16] On July 15, 2025, Ms. Hamilton, on behalf of Plaintiff, signed and filed a reply memorandum in support of Plaintiff's Motion to Transfer Venue.[17] In this reply, Ms. Hamilton "acknowledge[d] the cited authorities were inaccurate and mistakenly verified using Westlaw Precision, an AI-assisted research tool, rather than Westlaw's standalone legal database."[18] Ms. Hamilton further wrote that she "now understands that Westlaw Precision incorporates AI-assisted research, which can generate fictitious legal authority if not independently verified."[19]

On July 21, 2025, the Court ordered Plaintiff's counsel to "provide the Court with the AI-assisted research history that resulted in the three citations at issue in the Motion to Transfer."[20] On July 22, 2025, Ms. Hamilton filed a response to the Court's July 21, 2025 order and attached her research history but, by her own admission, the research history does not include the incorrect citations.[21] In her response, Ms. Hamilton admitted that "[w]hile [the attached research] reflects research [that Ms. Hamilton] personally conducted in connection with this matter, it does not include the inaccurate citations at issue" because "[t]he Motion to Transfer (Doc. 24) was initially prepared as a

---

[14] R. Doc. 24 at p. 5.
[15] 4 A.3d 642 (Pa. Super. Ct. 2010).
[16] R. Doc. 46.
[17] R. Doc. 52.
[18] *Id.* at p. 9.
[19] *Id.*
[20] R. Doc. 59.
[21] R. Doc. 60; R. Doc. 60-1.

collaboration" and "the authorities in question were sent in an e-mail from another attorney in the firm."[22]

On July 22, 2025, after Ms. Hamilton filed her response to the Court's July 21, 2025 order, the Court ordered Plaintiff's counsel to "provide to the Court for in camera review the AI-assisted research history performed by the lawyer who did the research."[23] Ms. Hamilton testified she was unable to provide the Court with this research history because the lawyer who produced the AI-generated citations is currently suspended from the practice of law in Louisiana.[24] Ms. Hamilton did produce for the Court's in camera review an email in which the now suspended lawyer sent Ms. Hamilton the AI-generated citations.

On July 24, 2025, the Court held oral argument on Plaintiff's Motion to Transfer Venue and Defendants' Motion to Dismiss Due to Improper Venue.[25] At the oral argument, Ms. Hamilton made an appearance for Plaintiff.[26] After argument, the Court placed Ms. Hamilton under oath and questioned her regarding her usage of AI-assisted research.[27] The Court asked Ms. Hamilton to explain the basis for her representation that Westlaw generated the fabricated citations.[28] Ms. Hamilton stated that she "assumed" Westlaw was the origin of the fabricated citations because she does all of her research on Westlaw. Ms. Hamilton agreed that Westlaw did not generate the fabricated citations. Ms. Hamilton confirmed that, at the time she filed the reply memorandum in support of

---

[22] R. Doc. 60 at p. 1.
[23] R. Doc. 61.
[24] *See In re Gray*, 2025-00408, 2025 WL 1692055 (La. 6/17/25).
[25] R. Doc. 64.
[26] *Id.*
[27] *Id.*
[28] R. Doc. 52 at p. 9.

4

Plaintiff's Motion to Transfer Venue, she did not review her Westlaw research history to verify that Westlaw generated the fabricated citations.

On July 28, 2025, the Court ordered that Ms. Hamilton "appear on Monday, August 4, 2025, at 3:00 p.m., and show cause as to why she should not be sanctioned for her failure to comply with Federal Rule of Civil Procedure 11."[29] On August 4, 2025, the Court held a show cause hearing for Ms. Hamilton.[30]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 governs the signing of pleadings, motions, and other papers, representations to the Court, and sanctions. Rule 11(b) states that

> (b) By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.[31]

Pursuant to Rule 11(c)(1), "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

---

[29] R. Doc. 65.
[30] R. Doc. 66.
[31] FED. R. CIV. P. 11(b)(2) & (3).

## **LAW AND ANALYSIS**

Before sanctioning an attorney, the Court must comply with the mandates of due process, which demand that the party against whom sanctions may be awarded be afforded notice and an opportunity to be heard.[32] The Court ruled Ms. Hamilton into Court on August 4, 2025 to show cause why she should not be sanctioned.[33] The Court provided Ms. Hamilton notice and an opportunity to be heard.

The Court finds Ms. Hamilton's conduct is in violation of Rules 11(b)(2) & (3). In determining whether an attorney has complied with Rule 11, the court applies "an objective, not subjective, standard of reasonableness."[34] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[35] "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."[36]

Ms. Hamilton, who signed and filed Plaintiff's Motion to Transfer Venue,[37] did not verify that several of the legal contentions in the Motion to Transfer Venue were warranted by existing law.[38] Ms. Hamilton violated Rule 11(b)(2) by citing to fabricated, AI-generated cases without verifying the accuracy, or even the existence, of the cases.[39] Furthermore, Ms. Hamilton violated Rule 11(b)(3) by misrepresenting to the Court the

---

[32] *Id.* at (c).
[33] R. Doc. 65; R. Doc. 66.
[34] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)).
[35] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[36] *Gauthier v. Goodyear Tire & Rubber Co.*, No. 23-00281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024) (first quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); then citing *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)).
[37] R. Doc. 24.
[38] *Gauthier*, 2024 WL 4882651, at *2 (first quoting *Park*, 91 F.4th at 615; then citing *Mata*, 678 F. Supp. 3d at 448).
[39] *Id.* (first quoting *Park*, 91 F.4th at 615; then citing *Mata*, 678 F. Supp. 3d at 448).

origin of the AI-generated cases in her reply memorandum in support of Plaintiff's Motion to Transfer Venue.[40] Ms. Hamilton admitted to these violations of Rules 11(b)(2) & (3) at her show cause hearing on August 4, 2025.

Accordingly;

**IT IS ORDERED** that Laci N. Hamilton is sanctioned personally for her conduct in this case in the amount of $1,000. This amount must be paid by Ms. Hamilton *personally*, and may not be paid for by her law firm or the Plaintiff.

**IT IS FURTHER ORDERED** that the sanction is to be paid by **Tuesday, September 30, 2025** at **5:00 p.m.** to:

> Clerk, United States District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

**IT IS FURTHER ORDERED** that Ms. Hamilton attend 1 hour of Continuing Legal Education on the topic of Generative A.I. by **December 31, 2025**. Ms. Hamilton must file proof that she attended this 1 hour of Continuing Legal Education with the Court by **December 31, 2025**.

**IT IS FURTHER ORDERED** that Ms. Hamilton is **REFERRED** to the Disciplinary Committee of the United States District Court for the Eastern District of Louisiana in accordance with the Eastern District's Rules for Lawyer Disciplinary Enforcement.

New Orleans, Louisiana, this 13th day of August, 2025.

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 52.